United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

MARVIN PROFITT,

    Plaintiff,

v.

JASON TAUCHES,

    Defendant.

Case No. 21-cv-00275-RMI

**ORDER**

Re: Dkt. No. 7

Now pending before the court is Defendant's Motion (dkt. 7) seeking the dismissal of Plaintiff's complaint on various grounds, including Defendant's assertion that Plaintiff's complaint is barred by the applicable statute of limitations. Specifically, Defendant contends that California law provides for a 1-year statute of limitations within which aggrieved clients may sue for attorney malpractice. *See* Def.'s Mot (dkt. 7) at 6-7 (citing Cal Code Civ. Proc. § 340.6). In this regard, Defendant submits that the 1-year statute of limitations is triggered (and the 1 year limitations period begins) at the time that a Plaintiff becomes aware of the facts that are alleged as the basis of the attorney malpractice claim. *Id*. Defendant states that this moment took place either on June 21, 2018 (when a federal habeas court ordered the case dismissed due to the inclusion of unexhausted claims, meaning that the instant Complaint (dkt. 1) was filed more than 30 months after the expiration of the limitations period); or, in the alternative, that it took place on May 14, 2019 (the date on which Defendant allegedly refused to exhaust the two claims in question, meaning that the Complaint in this case was filed more than 19 months after the expiration of the limitations period). *Id*. at 7. Defendant adds that, in any event, the attorney-client relationship ended on November 30, 2017, when Defendant "had completed all tasks required of him under the

contract . . ." *Id*.

Plaintiff's Response in Opposition (dkt. 12) does not sufficiently address these arguments. In fact, Plaintiff's response to the-above described contentions is limited to a single sentence: "The date of injury was 1-15-2020 (see, EXHIBIT, F, of this complaint), if there is an argument over the date of injury[,] that is a disputed issue for trial, the complaint was filed 1-8-2021." *See* Pl.'s Mot. (dkt. 12) at 2 (citing Compl. (dkt. 1), Exh. F. (dkt. 1-2) at 11-15). There are several problems with Plaintiff's response, however, for present purposes it is only necessary to highlight one such problem. Namely, when Plaintiff contends that "[t]he date of injury was 1-15-2020," he refers to Exhibit F to the Complaint. Exhibit F is a 4-page attachment (wherein the first three pages are either redacted or garbled) and the only legible page, the fourth page, appears to be some sort of a DMV printout that does nothing by way of supporting Plaintiff's statement that "[t]he date of injury was 1-15-2020."

Accordingly, on or before Friday, April 30, 2021, Plaintiff is **ORDERED** to file a supplemental response to Defendant's Motion to Dismiss in which Plaintiff is directed to state the date on which Plaintiff became aware of Defendant's alleged malpractice, negligence, or any act or omission on Defendant's part that serves as the foundation for this lawsuit. If Plaintiff became aware of the basis for this malpractice lawsuit more than 1 year before filing this lawsuit, Plaintiff should also explain what, if any, factors caused the delay occasioned in filing this lawsuit. Thereafter, no later than Friday, May 14, 2021, Defendant is **ORDERED** to file a response addressing the arguments raised in Plaintiff's supplemental filing. Following this round of briefing, the court will decide whether or not a hearing will be necessary.

**IT IS SO ORDERED.**

Dated: March 29, 2021

ROBERT M. ILLMAN
United States Magistrate Judge